No. 56,337

SYLVESTER GAULDEN, *Appellee,* v. BURLINGTON NORTHERN RAILROAD COMPANY, *Appellant.*
(689 P.2d 852)

Opinion filed October 26, 1984.

*Glenn D. Young, Jr.,* of Gott, Young & Bogle, P.A., of Wichita, argued the cause and was on the brief for appellant.

*Roger M. Theis,* of Render & Kamas, of Wichita, argued the cause, and *Tom E. Hammond,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is an appeal by the defendant railroad, Burlington Northern Railroad Company, from a judgment for $434,000 entered against it in favor of the plaintiff, Sylvester Gaulden. The plaintiff, a former employee of the railroad, brought this action to recover damages for personal injuries under the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* (1982) (FELA). This is the second time the case has been before this court. In the appeal from the first jury trial herein, this court reversed the $750,000 judgment against the railroad for failure of the trial court to submit the issue of the negligence of a third party to the jury. (*Gaulden v. Burlington Northern, Inc.,* 232 Kan. 205, 654 P.2d 383 [1982]). The appeal now before us arises from the jury trial held upon remand. Defendant railroad contends the jury's verdict finding zero fault on the part of the third party (Jack A. James) was contrary to the evidence and the court's instructions and that the verdict was excessive.

The facts may be summarized as follows. During the nighttime hours of November 22, 1979, a switching operation was being conducted by defendant railroad in Augusta, Kansas. The engine involved was pushing eleven tank cars at a speed of three to five miles per hour. As the train passed over a switch 575 feet west of

the State Street crossing, warning flashing lights were activated at the crossing. Plaintiff was serving as a brakeman at all relevant times herein. He was riding on the north side of the lead tank car. He was carrying a walkie-talkie radio for communication with the engineer, a heavy coat, and a lantern. Grant Vance, serving as head brakeman, was riding on the south side of the lead tank car. A head brakeman is required to flag the intersection from the ground during switching operations such as this. No one flagged the intersection.

Jack A. James was operating his 1972 Ford pickup truck in a southerly direction on State Street at a speed of 20 to 25 miles per hour. As he approached the flashing intersection lights, he stopped or paused (the evidence is conflicting), then accelerated into the intersection. Realizing a collision between the lead tank car and the truck was imminent, plaintiff jumped from the tank car, severely injuring his knee when he landed on the pavement. The train struck the rear panel of the pickup truck.

Defendant railroad contends the jury's verdict finding zero fault on the part of the truck driver, Jack A. James, was contrary to the evidence and the court's instructions. In particular, defendant relies upon Instruction No's 16 and 17 as follows:

"INSTRUCTION NO. 16

"As standards of ordinary care, certain duties are imposed by law. They apply to persons who use the streets and highways. The violation of a duty is negligence."

"INSTRUCTION NO. 17

"The laws of Kansas provide that whenever any person driving a vehicle approaches a railroad grade crossing and a clearly visible electrical signal device gives warning of the immediate approach of a railroad train, the driver of such vehicle shall stop within 50, but not less than 15 feet from the nearest rail and shall not proceed until he can do so safely."

Defendant does not contend these instructions were erroneous, rather it claims the jury did not follow the instructions. Instruction No. 17 is taken from PIK Civ. 2d 8.43 and closely follows K.S.A. 8-1551. Defendant contends that the application of these instructions to the evidence precluded a finding of zero fault on the part of Jack A. James and such finding constitutes arbitrary action by the jury.

Plaintiff directs our attention to Instruction No. 21 as follows:

"Your first obligation is to determine the fault, if any, of the persons involved in the occurrence. Next, you must assign a percentage to each person's fault. This

percentage figure for each person may range from zero percent (0%) to one hundred percent (100%). When the percentage of fault of all persons being compared are added together, the total must equal one hundred percent (100%).

"The persons to whom you have the discretion to assign fault are:

Sylvester Gaulden

Burlington Northern, Inc.

Jack A. James

"Your next obligation is to determine the amount of damages sustained by the Plaintiff Sylvester Gaulden.

"In arriving at the full damage figure, you should not consider the question of fault. Do not reduce the damages by any percentage of fault."

This instruction was given without objection from the defendant. Further, at no time did the defendant object to submitting the issue of James' liability to the jury or, prior to entry of the verdict, seek a ruling that James was at fault as a matter of law. Nevertheless, defendant is, in essence, now seeking liability to be imposed upon James as a matter of law.

It is unusual for a driver whose motor vehicle collides with a train at an intersection where the flashing lights were operating to be held zero at fault. However, this case presents an unusual factual situation. Considering the evidence supporting the zero assessment of fault against James in its most favorable light, the following emerges. The railroad intersection warning lights had been installed approximately one month before the accident herein occurred. It was common knowledge in Augusta the lights did not operate properly. That is, on a number of occasions the lights had been activated when no train was present. Jack A. James was a resident of Augusta. Mr. James was not called as a witness in the case. The jury could have concluded Mr. James had knowledge of the lights' prior malfunctions. Further, from the evidence, the jury could have concluded Mr. James stopped at the intersection as required by K.S.A. 8-1551 (Instruction No. 17).

What could have, or should have been seen or heard by Mr. James before he started across the railroad tracks? There was no flagman on the ground with a light warning of the train—contrary to the railroad's rules and regulations. It was nighttime. The eleven tank cars were being pushed at three to five miles per hour. The lead car was black in color. No light or horn was present on the front of the lead car. There were no lights along the tracks. The engineer did not blow the train whistle. The railroad regulations require the train whistle to be blown con-

tinuously until the first car is through the intersection. There was evidence the circumstances herein (darkness, slow moving black tank cars, etc.) would have made the approaching train virtually invisible to a motorist at the intersection. Emergency brakes on the train were not activated although the train could have been stopped within ten feet had they been activated. The brakemen did not notify the engineer when they saw the James vehicle. An additional factor which the jury could have considered in determining the credibility of witnesses is that the railroad investigator filing the initial accident report falsified his report to reflect the railroad had been operating in full compliance with all regulations at the time of the collision and was blameless in all respects.

A verdict or finding of a jury cannot be disturbed by the court if there is substantial competent evidence in the record to support it. *Kleibrink v. Missouri-Kansas-Texas Railroad Co.*, 224 Kan. 437, 581 P.2d 372 (1978).

We conclude there was substantial competent evidence supporting the jury's finding of zero fault on the part of Jack A. James and, accordingly, the finding will not be disturbed on appeal.

Next, the defendant railroad contends the verdict was excessive in amount as to the railroad. The jury assessed 70% of the fault to the railroad and 30% to the plaintiff. The jury assessed plaintiff's damages at $620,000. Applying the percentages of fault, judgment was entered against the railroad for $434,000. Plaintiff's injuries were severe and permanent in nature. Defendant railroad does not contend the jury's assessment of damages in the amount of $620,000 was, in any way, improper or excessive. Rather defendant contends that the jury's finding of zero fault on the part of Jack A. James resulted in defendant's share of those damages being excessive. We have previously held that the jury's finding of zero fault on the part of Jack A. James is supported by substantial competent evidence and, accordingly, cannot be disturbed on appeal. This issue is, therefore, now moot.

In support of its contentions relative to these two issues, defendant raises certain other arguments including an allegedly prejudicial, but unobjected-to, remark by plaintiff's counsel dur-

ing his opening statement. It is sufficient to say we have considered all arguments made and find them to be without merit although not specifically addressed in this opinion.

The judgment is affirmed.

HERD, J., not participating.